IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 4:20-CR-00304-9 |
| | § | |
| MARY JANE MCINTYRE (01) | § | |

## MOTION TO SUPPRESS OUT-OF-COURT
## AND TO PRECLUDE IN-COURT IDENTIFICATIONS

NOW COMES MARY JANE MCINTYRE ("Defendant"), and requests that the Court

Suppress any and all evidence of her identification as the person on the video taken at the Hurst,

Texas post office on or about August 8, 2020.

Pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments to the UNITED STATES

CONSTITUTION and in support of her right to a full and fair hearing under the federal constitution,

moves this Court in support of suppression of all out-of-court identifications of her by any

prosecution witness, to include:

(1) Michael Katz;

(2) Chase Abernathy;

(3) The Government Agent who wrote the report/Memorandum of Activity regarding the

August 8, 2020 incident at the Hurst Post Office;

(4) Any of the case agents which are involved in the investigation and prosecution of this

case; and

(5) Any other witness for the government.

Pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments to the UNITED STATES

CONSTITUTION and in support of her right to a full and fair hearing under the federal constitution,

moves this Court in support of suppression of all out-of-court identifications of her by any

prosecution witness, to include:

(1)  Michael Katz;

(2) Chase Abernathy;

(3) the Government Agent who wrote the report/Memorandum of Activity regarding the August  8, 2020 incident at the Hurst Post Office;

(4) any of the case agents which are involved in the investigation and prosecution of this case; and

5) any other witness for the government.

## I.   FACTUAL BACKGROUND

Defendant has been indicted for the offense of Knowingly and Intentionally possessing with the intent to distribute methamphetamine in violation of 18 USC §841(a)(1) and (b)(1)(C).

There exists, in the government's file, a video and a corresponding Memorandum of Activity regarding a deposit of a number of packages for mailing at United States Post Office in Hurst Texas.  The alleged date of this incident is August 8, 2020.

Michael Katz stated to another that a "known narcotics mailer" was mailing packages at the post office.  Katz also said that an elderly female deposited several pieces of mail.  Katz did not identify Defendant as the person or give facts saying how he knew this person was a "known narcotics mailer."  Katz took a photograph or obtained one of a White Mazda automobile, with Missouri tags MOPM6E6A.

Chase Abernathy counted parcels and who sent them, and came up with a figure of 84 parcels.  Abernathy did not say that the parcels were all mailed by Defendant and did not say that Defendant mailed any of those parcels.

In his or her MOA, the case agent noted that the White Mazda referenced above was

2

Defendant's and Sean Harris' car.

The notes in the MOA do not reflect that Defendant was identified or how she was identified as that same person who allegedly was mailing packages.

As a result of this history, Defendant has reason to believe that the prosecution will seek to place testimony before the jury that these witnesses identified her outside the courtroom. Moreover, Defendant believes that the government will seek to have these witnesses engage in an in-court identification.  It is for these reasons that Defendant asks the Court to grant this motion to suppress evidence of the alleged out-of-court identifications and to preclude any in-court identification sought by the government based on the August 8, 2020 mailing of packages at the Hurst Texas Post Office.

## II.   MOTION AND LAW IN SUPPORT

**I.     THE GOVERNMENT MUST BE PRECLUDED FROM INTRODUCING AT TRIAL EVIDENCE THAT ANY EYEWITNESS POSITIVELY IDENTIFIED DEFENDANT BECAUSE THE IDENTIFICATION PROCEDURES VIOLATED PRINCIPLES OF DUE PROCESS.**

### A.     The Out-Of-Court Identifications Should be Excluded Because They Were Impermissibly Suggestive and, as a Result, are Unreliable.

A pretrial identification procedure may be so unnecessarily suggestive and conducive to mistaken identification that to use that identification at trial would deny the accused due process of law. *Stovall v. Denno*, 388 U.S. 293 (1967). However, it is the "substantial likelihood of misidentification" that may be engendered by such suggestive procedure that works the deprivation. *Simmons v. United States,* 390 U.S. 377  (1968); *Neil v. Biggers*, 409 U.S. 188 (1972). Thus, if the totality of the circumstances reveals no substantial likelihood of misidentification despite a suggestive pretrial procedure, subsequent identification testimony will

be deemed "reliable," "reliability [being] the linchpin in determining the admissibility of identification testimony." *Manson v. Brathwaite*, 432 U.S. 98 (1977).

To be weighed against the corrupting effect of any suggestive identification procedure in assessing reliability under the totality of the circumstances are the following nonexclusive factors:

(1) The opportunity of the witness to view the criminal at the time of the crime;

(2) the witness' degree of attention;

(3) the accuracy of his prior description of the criminal;

(4) the level of certainty demonstrated at the confrontation; and

(5) the time between the crime and the confrontation.

*Manson v. Brathwaite*, 432 U.S. 98, 114 (1977)

A conviction based on an eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the identification procedure was so impermissibly suggestive as to give rise to a substantial likelihood of misidentification. Simmons v. United States, 390 U.S. 377 (1968). The admissibility of identification evidence is governed by a 2-step analysis:

(1) A determination must be made as to whether the identification procedure was impermissibly suggestive.

(2) The court must determine whether, under the totality of the circumstances, the suggestiveness leads to a substantial likelihood of irreparable misidentification.

*United States v. Shaw*, 894 F.2d 689, 692 (5th Cir.1990). *Herrera v. Collins,* 904 F.2d 944 (5th Cir. 1990).

In *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977), the Supreme Court indicated that

4

"reliability is the linchpin" when examining the totality of the circumstances to "determin[e] the admissibility of identification testimony." A suggestive identification procedure will not violate due process so long as the identification possesses sufficient aspects of reliability. The Supreme Court has set forth several factors to be considered when reviewing the reliability of a pre-trial identification. Under the four factors listed above.

In our case the identification of Defendant by Katz and Abernathry fails because:

(1) Neither witness states what opportunity they had to view Defendant committing the act of mailing packages;

 (2) Neither witness has any notes in the MOA of the 08-08-2020 activity that indicates their degree of attention to the subject at hand;

(3) There is no the accuracy to the description other than an "elderly female" and a photographp of a car without a date, time, or location indicated on the photograph.

(4) The witness's do not state their level of certainty as to the identification.

(5) The elapsed time between the crime and the identification is not listed in the MOA; and

(6) The corrupting influence of the suggestive identification itself should be obvious to the Court as it is a report to law enforcement.

These six prongs are the same or similar enough to the ones set forth in precedent to guide the Court here. *See Neil v. Biggers*, 409 U.S. 188 (1972); *see also United States v. Atkins*, 698 F.2d 711, 713 (5th Cir.1983).

B.     **The Government Should be Precluded from Making an In-Court Identification of Defendant Stemming from the August 8, 2020 Events.**

In-court identifications should be excluded when they are the "fruit of a suspect pretrial identification." *Wade*, 388 U.S. at 235; *see also Dispensa v. Lynaugh*, 847 F.2d 211 (5th Cir. 1988).  In this case, the government has the burden of proving, by **clear and convincing evidence**, that any in-court identification was based on a source independent of the unfair pretrial confrontation.  *Wade,* 388 U.S. at 239-40.

Katz and Abernathy and others must be precluded from making an in-court identification of Defendant based on the August 8, 2020 mailing of packages at the Post Office in Hurst, Texas because their testimony would be based exclusively on unconstitutional out-of-court identifications.

If the unreliable identifications of Defendant are not suppressed, she will be deprived of his right to due process, the equal protection of the laws, his right to counsel, and his right to a fair trial and reliable sentencing as protected by the Fifth, Sixth, Eighth and Fourteenth Amendments to the UNITED STATES CONSTITUTION.

## CONCLUSION

Defendant requests that this Court:

(a)  allow her to present evidence and argument on this motion at a hearing outside the presence of the jury;

(b)  grant her motion to prevent the government from introducing unconstitutionally-obtained identification evidence;

(c)  for such other and further relief to which he may be entitled, in law or in equity.

Respectfully submitted,

/s/ Anthony Green
_____
Anthony Green
Texas Bar No. 24043702
P.O. Box 338
Keller, TX  76244
(817) 332-3803 Tel.
(214) 572-2968 fax
Attorney@anthonygreenlaw.com

Certificate of Service:

On 11-23-2020, the undersigned served a copy of this Motion to opposing counsel.

/s/ Anthony Green
_____
Anthony Green