IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 4:20-CR-00304-9 |
| | § | |
| MARY JANE MCINTYRE (01) | § | |

**DEFENDANT'S MOTION TO SUPRRESS THE SEARCH OF HER APARTMENT AND ANY EVIDENCE FOUND WITHIN**

NOW COMES MARY JANE MCINTYRE ("Defendant"), and requests that the Court Suppress any and all evidence seized from her apartment by law enforcement on October 6, 2020. Defendant objects to any denial of this Motion.

Defendant challenges the Magistrate's conclusion that the affidavit supported a finding of probable cause to search and arrest.  She also challenges the manner in which the warrant was executed.  As such, Defendant seeks the suppression of all evidence found as a result of the search and arrest and also the suppression of any fruits thereof, including statements made by her or others, the results of testing done on any physical evidence obtained, and any other objects or statements or reports derived from the unlawful search.

Basic to an individual's rights under the Fourth Amendment is the principle that the Government may not conduct a search or seizure without a warrant supported by probable cause. The exclusionary rule guarantees this principle by prohibiting the introduction into evidence of tangible materials seized during an illegal search. *See Murray v. United States*, 487 U.S. 533, 536 (1988).  In addition, a trial judge must exclude all evidence derived from exploitation of the original constitutional violation up to the point at which the connection with the illegality

becomes "so attenuated as to dissipate the taint." *Id*.; *Nardone v. United States*, 308 U.S. 338, 341 (1939).

Both the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit have unequivocally held that a magistrate's determination of probable cause must be meaningful. *See Illinois v. Gates*, 462 U.S. 213, 239 (1983) (affidavit must provide "substantial basis" for determining probable cause); *United States v. Barrington*, 806 F.2d 529, 532 (5th Cir. 1986) (magistrate must have sufficient information to make determination of probable cause). In *Gates*, the Supreme Court set forth the standard to be applied when determining whether an affidavit offered in support of a request for a warrant can support a meaningful determination. There, the Court held that "[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *Gates*, 462 U.S. 213, 239.

In this case, the Magistrate Judge signing the warrant–which authorized both search and arrest had no basis to support a finding of probable cause to believe that Defendant had committed the offense of Possession of Controlled Substance in violation of 18 U.S.C. §841, or another applicable state or federal law.

A. Search and Seizure

1. <u>Search and Seizure Without a Warrant</u>

Law enforcement officers must have a search warrant, based on probable cause, issued by a neutral and detached magistrate to seize a person's property or search that person. U.S. Const. amend. IV and XIV;  If a law enforcement officer searches a person or seizes his property without a warrant, unless there is a valid exception to the warrant requirement, he violates the

dictates of the United States and Texas Constitutions, thus the evidence obtained as a result must be suppressed. *Mapp v. Ohio*, 367 U.S. 643, 660 (1961).

   2.. <u>Search and Seizure With a Warrant</u>

The defendant's property and body were searched and seized pursuant to a warrant. No search warrant shall issue unless sufficient facts are presented to a neutral magistrate establishing probable cause. U.S. Const. amend IV. The affidavit must recite facts and circumstances within the affiant's knowledge and belief of which the affiant has reasonably trustworthy information sufficient to warrant a reasonably cautious person's belief that the offense has been committed. <u>Illinois v. Gates</u>, 462 U.S. 213, 238-39 (1983) (overruled on other grounds). A mere conclusory statement will not do. *Gates*, 462 U.S. at 239. Here, the probable cause was not sufficient to support the issuance of a search warrant because the facts contained in the affidavit and reasonable inferences drawn there do not justify a conclusion that the object of the search is probably on the premises at the time the warrant is issued.

While evaluating whether probable cause exists for the issuance of a warrant, this court must assess the totality of the circumstances. *Gates*, 462 U.S. at 238-39.

Here, there just is not enough evidence to show that there would be drugs, or even proof of drug trafficking, located at Defendant's apartment. Defendant believes that if there was any evidence, it was tenuous at best, maybe a letter or package addresses to or from that address, Defendant's name on a corporate document for a corporation with another address and no real connection to the offense, and a possible determination not supported by a solid identification of the Defendant allegedly mailing packages which is a legal activity. Defendant believes that the government cannot show that any of those packages contained anything illegal.

Based on the foregoing, the evidence obtained as a result of the search warrant must be suppressed under exclusionary rule articulated in *Mapp v. Ohio*, 367 U.S. 643, 660 (1961)

Respectfully submitted,

/s/ Anthony Green

_____
Anthony Green
Texas Bar No. 24043702
P.O. Box 338
Keller, TX  76244
(817) 332-3803 Tel.
(214) 572-2968 fax
Attorney@anthonygreenlaw.com

Certificate of Service:

On 11-23-2020, the undersigned served a copy of this Motion to opposing counsel.

/s/ Anthony Green

_____
Anthony Green