UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL ACTION NO. |
| | ) | |
| Plaintiff, | ) | 4:20-CR-00304-P-1 |
| | ) | |
| v. | ) | |
| | ) | |
| MARY JANE MCINTYRE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO WITHDRAW GUILTY PLEA

The defendant, Mary Jane McIntyre, despite her guilty plea, has always maintained her factual innocence. Her son, Sean Harris, distributed methamphetamine on the "dark web." He deposited parcels of methamphetamine at his mother's apartment and had her deliver them to the post office on his behalf. She did not receive compensation for this. Ms. McIntyre has always maintained that she did not know she was, in fact, mailing illegal narcotics but thought she was shipping electronics on behalf of her son. On the eve of sentencing, a family member helped her retain the undersigned, and she has requested the undersigned to fight to establish her innocence.

Notably, the factual resume used to establish the factual basis for the guilty plea, apart from the recitation of the elements, does not state that Ms. McIntyre knew she was shipping drugs. In the paragraph describing the offense, it simply states that during a search warrant executed on Ms. McIntyre's residence, the agents found packages of methamphetamine secreted in various locations in her apartment and evidence that Ms. McIntyre was mailing numerous packages on behalf of her son.

Also notable is the fact that Ms. McIntyre would not admit guilt when she was interviewed by the government. The government, in its memorandum of interview, states that Ms. McIntyre

claimed that she was mailing "gadgets" on behalf of her son. The notes reflect that the meeting was interrupted, and she had a discussion with her prior attorney because she was not admitting her guilt. After that conversation, the memorandum reflects that she continued to deny guilt, and had a second conversation with her attorney. After that second conversation, all Ms. McIntyre would say about accepting responsibility for mailing controlled substances was, "I have to." During that entire meeting the memorandum of interview never reflects that Ms. McIntyre admitted that she had guilty knowledge.

In addition, Ms. McIntyre, who is 61 years old and has no criminal history, would normally be eligible for the "safety valve" reduction in her sentencing guidelines. Paragraph 39 of the presentence report reflects that the government does not believe Ms. McIntyre is eligible for this reduction because she has failed to truthfully debrief, namely, she failed to admit knowledge that she knew she was shipping drugs.

## Legal Analysis

A guilty plea may be withdrawn prior to sentencing only when the defendant has a "fair and just reason" for doing so. Fed. R. Crim. P. 32(d). Of course, if it is shown that the plea was not knowing or voluntary, that explanation would suffice. *See McCarthy v. United States,* 394 U.S. 459, 466, 89 S. Ct. 1166, 1170, 22 L. Ed. 2d 418 (1969). As a corollary to this proposition, if the initial plea proceeding was not in substantial compliance with Fed. R. Crim. P. 11, then the defendant should almost always be allowed to withdraw his plea. *See United States v. Barker,* 514 F.2d 208, 221 (D.C. Cir.) (en banc), *cert. denied,* 421 U.S. 1013, 95 S. Ct. 2420, 44 L. Ed. 2d 682 (1975). Guilty pleas are reviewed for compliance with [Fed. R. Crim. P.] 11. *United States v. Reasor*, 418 F.3d 466, 470 (5th Cir. 2005); *United States v. Marek*, 238 F.3d 310, 314 (5th Cir.

2001) (*en banc*). Rule 11(b)(3) requires that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."

> As the Court in *McCarthy* held:
>
> The factual basis for the guilty plea "must appear in the record ... and must be sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal…Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that [her] conduct does not actually fall within the charge.' " 394 U.S. 459, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969) (*quoting* Fed.R.Crim.P. 11, Notes of Advisory Committee on Criminal Rules).

*Id.*

As the Fifth Circuit also explained in *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002):

> [E]ven if there is an unconditional plea of guilty..., this Court has the power to review if the factual basis for the plea fails to establish an element of the offense which the defendant pled guilty to. *United States v. Spruill*, 292 F.3d 207, 214–15 (5th Cir.2002) (vacating sentence because factual basis was not established as to an element of the charge, that being that predicate order was issued after a "hearing" as contemplated by 18 U.S.C. § 922(g)(8)(A)); *United States v. White*, 258 F.3d 374, 380, 384 (5th Cir.2001) (reversing because bill of information did not establish the existence of the predicate offense required for conviction under 18 U.S.C. § 922(g)(9)); *United States v. Johnson*, 194 F.3d 657, 659, 662 (5th Cir.1999), *vacated and remanded*, 530 U.S. 1201, 120 S.Ct. 2193, 147 L.Ed.2d 230 (2000), *opinion reinstated with modification*, 246 F.3d 749 (5th Cir.2001) (reversing because factual basis did not establish that arson was of church that was used in or affected interstate commerce, as required under 18 U.S.C. § 844(I)). "A trial court cannot enter judgment on a plea of guilty unless it is satisfied that there is a factual basis for the plea." *Johnson*, 194 F.3d at 659. "The purpose underlying this rule is to protect a defendant who may plead with an understanding of the nature of the charge, but 'without realizing that his conduct does not actually fall within the definition of the crime charged.' " *Id.* (*citing United States v. Oberski*, 734 F.2d 1030, 1031 (5th Cir.1984) (*quoting United States v. Johnson*, 546 F.2d 1225, 1226–27 (5th Cir.1977))).

Even if the factual basis for the plea is legally sufficient in this case, this Court should permit Ms. McIntyre to withdraw her guilty plea for other reasons. In assessing whether a

presentence plea withdrawal would be "fair and just," the Court should look to several factors. Whether the defendant asserts her legal innocence and the extent to which the government has been prejudiced in its ability to prosecute the case are two of the most important. *United States v. Barker,* 514 F.2d 208 at 220-22.

It is unlikely that government will suffer any "substantial prejudice" if Ms. McIntyre is permitted to withdraw her plea, and Ms. McIntyre has most certainly asserted her innocence. Nevertheless, *Barker* makes very clear that the defendant does not have an "automatic right" to presentence plea withdrawal. *Id.* at 221. This Court, assuming the factual basis for the plea is valid, retains some discretion to deny a withdrawal motion, even when the defendant asserts a plausible legal defense, and the government has suffered no prejudice. In these circumstances, the district court must allow the defendant to withdraw his plea only when the defendant offers a "tenable explanation for withholding the alleged defense at the time of his original plea hearing." *United States v. McKoy,* 645 F.2d 1037, 1039 (D.C.Cir.1981).

In this case, Ms. McIntyre, who before this case had no experience with the criminal justice system, believed that if she shipped narcotics on behalf of her son, even unknowingly, she could be liable for a crime. Her previous counsel certainly encouraged her to plead guilty and to meet with the government despite the fact that she would not admit that she was shipping narcotics. Such an explanation is not grounded in legal strategy or "buyer's remorse," and legitimately explains why Ms. McIntyre, who formerly admitted her guilt, should now be entitled to maintain her innocence.

Respectfully submitted,

/s/ Franklyn Mickelsen
Franklyn Mickelsen
TX Bar No. 14011020
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
214-720-9552
214-720-9594 (facsimile)
mick@texascrimlaw.com

Attorney for Defendant
Mary Jane McIntyre

## **CERTIFICATE OF CONFERENCE**

I, Franklyn Mickelsen, certify that I conferred with Robert J. Boudreau of the U.S. Attorney's Office on April 26, 2021, and he is opposed to this motion.

/s/ Franklyn Mickelsen
Franklyn Mickelsen

## **CERTIFICATE OF SERVICE**

I, Franklyn Mickelsen, certify that on April 26, 2021, I caused a copy of the foregoing document to be served by the electronic case filing system (ECF) on all counsel of record.

/s/ Franklyn Mickelsen
Franklyn Mickelsen
